UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Ryan Woodson, <br><br>             Plaintiff, <br><br> v. <br><br> L.A. Wilshire Corp., <br><br>             Defendant. | Case No. 2:25-cv-01186-JAD-BNW <br><br> **Order Adopting Report & Recommendation and Dismissing and Closing Case** <br><br> ECF No. 12 |

On 8/14/25, the magistrate judge entered this report and recommendation [ECF No. 12]:

    Plaintiff filed his complaint in the Central District for the District of California and moved to proceed *in forma pauperis* on a form approved by the Central District of California. ECF No. 1. It does not appear that the court ruled on his application. The case was then transferred to this district. ECF No. 7. This Court entered an order directing Plaintiff to either file an application to proceed *in forma pauperis* on this district's approved form or pay the filing fee by August 1, 2025. ECF No. 3; *see also* LSR 1-1 ("The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."). The Clerk's Office mailed Plaintiff that order along with the approved application form to proceed *in forma pauperis* and the accompanying instructions and information for doing so. ECF No. 11. That order warned Plaintiff that his case may be dismissed for failure to file an application to proceed *in forma pauperis* or pay the filing fee. *Id.* Plaintiff has not done so, nor has he moved for an extension of time even though the deadline has passed. As a result, this Court recommends that his case be dismissed without prejudice and closed.

    The law permits a district court to dismiss an action based on a party's failure to prosecute his case or comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); s*ee also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of

complaint). In determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—weighs against dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because Plaintiff cannot proceed in this action cannot without filing an application to proceed *in forma pauperis* or paying the filing fee, the only alternative is to enter a second order setting another deadline. The circumstances here do not indicate that Plaintiff needs additional time nor is there evidence that he did not receive this Court's order. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors support dismissal or where at least three factors "strongly" support dismissal).

//

//

//

**IT IS THEREFORE RECOMMENDED** that **THIS ACTION BE DISMISSED** for failure file an application to proceed *in forma pauperis* or to pay the filing fee.

### ORDER

The deadline for any party to object to this recommendation was 8/28/2025, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation [**ECF No. 12] is ADOPTED** in its entirety, and **THIS CASE IS DISMISSED** for the reasons stated in the report and recommendation. The Clerk of Court is directed to **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: September 3, 2025